```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                         :
TORMU E. PRALL,                          :
                                         :   Civil Action No. 09-2466 (MLC)
               Petitioner,               :
                                         :
          v.                             :       O P I N I O N
                                         :
TRENTON MUNICIPAL COURT,                 :
                                         :
               Respondent.               :
                                         :
```

**APPEARANCES:**

TORMU E. PRALL, Petitioner pro se, #531669
Mercer County Correction Center, P.O. Box 8068, Trenton, N.J. 08650

**COOPER**, District Judge

This matter concerns a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed on or about May 22, 2009, by petitioner, Tormu E. Prall ("Prall"). The respondent is the Trenton Municipal Court. Prall submitted an incomplete application to proceed in forma pauperis, which does not include a certification from an official at Mercer County Correction Center regarding his account balance. See L.Civ.R. 81.2(b). However, as it appears that Prall is not entitled to issuance of the writ, the Court will dismiss the Petition, and direct that the action be closed without assessing fees or costs.

## I.   BACKGROUND

Prall alleges that, in October 2008, he was transported from Connecticut to New Jersey by Mercer County Sheriff's Officers impersonating United States Marshals in violation of an Extradition Agreement entered into in Connecticut. Prall contends that he

entered into a voluntary waiver of extradition proceedings on the condition that only the federal marshals who had seized him in Connecticut would bring him within the jurisdiction of the New Jersey state courts.  However, unbeknownst to Prall at the time, it was Mercer County Sheriff's Officers who brought him into the jurisdiction of the Trenton Municipal Court in New Jersey.

Prall further states that, in February 2009, the Trenton Municipal Court held him in contempt of court for failure to appear, and lodged a detainer against him.  Prall claims that the Trenton Municipal Court has no jurisdiction over him because he was wrongfully brought into New Jersey.  Prall complains that he has filed three applications with the Trenton Municipal Court asking that he be brought before the court to be heard on his claim that the court has no jurisdiction over him.  Prall further alleges that he cannot press his claims via the normal state court appellate process because the Trenton Municipal Court has not taken any action at the trial level.

Prall asks that he either be brought before the Trenton Municipal Court immediately, or be released from custody.

## II.  ANALYSIS

**A.   Standards for a Sua Sponte Dismissal**

Section 2243 provides in relevant part as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Prall brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Att'y Gen.</u>, 878 F.2d 714, 721-22 (3d Cir. 1989).

**B.   Jurisdictional Issue**

Federal courts have jurisdiction, under 28 U.S.C. § 2241, to issue a writ of habeas corpus before a judgment is entered in a state criminal proceeding. <u>Moore v. DeYoung</u>, 515 F.2d 437, 441-42 (3d Cir. 1975). The United States Court of Appeals for the Third Circuit, addressing whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, has held:

> (1)  federal courts have "pre-trial" habeas corpus jurisdiction;
> 
> (2)  that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;
> 
> (3)  where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

<u>Id</u>. at 443.

Prall seeks to litigate the merits of a constitutional defense to a state criminal charge. But he has neither exhausted

state remedies nor alleged "extraordinary circumstances" to justify a federal court's intervention.  Rather, Prall contends that he has been adjudged "incompetent for his views" by New Jersey Superior Court, Law Division, Mercer County; that he has no available state corrective process to assert his claims against his unlawful detention; and that he has "no escape from hardship and injustice" because "the Government has insurmountable influence over the system of justice, and the Structural Defects are the Judges, Prosecutors, Lawyers, and Jurors involved in it." (Pet. at 2.)

Prall has not described any effort he has made to test the lawfulness of his pre-trial detention since his extradition.  It thus appears that, as Prall has had no success in other matters raised in state court, he is disinclined to proceed in state court with the wrongful extradition claim asserted here.  In short, Prall simply prefers to test the lawfulness of his pre-trial detention in federal court.  These contentions by Prall do not amount to "exceptional circumstances" that would justify federal intervention in his pending state proceedings.  Therefore, his petition must be dismissed.[1]

---

[1] The Court notes that Prall has litigated this issue in this District Court previously in Prall v. Superior Court of New Jersey, Law Division, Mercer County, No. 09-1831 (MLC).  It appears that Prall has re-filed the same argument but in a different package, by changing the named respondent to another state court in New Jersey concerning a separate charge of contempt for failure to appear.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that this Court was correct in its procedural ruling that Prall has failed to exhaust his state remedies and that he has not alleged facts demonstrating "extraordinary circumstances" that would justify pretrial intervention in Prall's pending state criminal

5

matters. Accordingly, no certificate of appealability will issue.

## IV. CONCLUSION

For the foregoing reasons, the petition for habeas relief under 28 U.S.C. § 2241 will be dismissed without prejudice. This Court makes no determination as to the merits of Prall's claims. No certificate of appealability will issue. An appropriate Order and Judgment follows.

                                          s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge

Dated: July 27, 2009