**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                      :
TORMU E. PRALL,                       :
                                      :   Civil Action No. 09-2466 (MLC)
         Petitioner,                  :
                                      :
    v.                                :
                                      :       O P I N I O N
TRENTON MUNICIPAL COURT,              :
                                      :
         Respondent.                  :
                                      :
```

**COOPER, District Judge**

The pro se petitioner, Tormu E. Prall, moves for vacatur and other relief, with respect to this Court's Opinion and Order entered on July 27, 2009, which had dismissed this action. (Docket entry no. 2 and 3.) Prall submitted his application for vacatur as to this matter and several other cases that were dismissed by this Court, namely, Prall v. Superior Court of New Jersey, No. 09-1831 (MLC) and Prall v. Superior Court of New Jersey, Civil No. 09-1531 (MLC). (Docket Entry No. 4.)[1]

This motion for vacatur, as to the instant matter only, is decided without oral argument pursuant to Federal Rule of Civil

---

[1] These matters were referenced in the caption of the motion for vacatur submitted here. But Prall has also filed motions for vacatur in other closed cases, such as: Prall v. Ellis, No. 08-6050 (FLW); Prall v. City of Boston, No. 09-272 (FLW); Prall v. East Windsor Municipal Court, No. 09-2603 (FLW); Prall v. Assignment Judge, No. 09-2608 (FLW); Prall v. Burlington City Municipal Court, No. 09-2615 (NLH); Prall v. Bucks County Courthouse, No. 09-3088 (FLW); and Prall v. Ellis, No. 09-271 (GEB). In addition, Prall moved for vacatur in Prall v. Bocchini, No. 10-1228 (FLW).

Procedure 78.  For the reasons stated below, the motion will be denied.

## I.   BACKGROUND

In his petition, filed on or about May 22, 2009, Prall sought to litigate the merits of a constitutional defense to state criminal charges, namely, an unlawful extradition and wrongful detention claim.  In an Opinion and Order entered on July 27, 2009, this Court dismissed Prall's habeas petition.  The Court found that Prall had not exhausted his state court remedies, and had failed to allege exceptional circumstances sufficient to justify federal intervention, pursuant to Moore v. DeYoung, 515 F.2d 437 (3d Cir. 1975).  (See July 27, 2009 Opinion, Docket entry no. 2.)

Prall filed this motion for vacatur and other relief, almost two years after entry of this Court's Order dismissing the petition without prejudice.  Prall's main arguments for vacatur simply malign the judicial conduct of the District Judges who had dismissed Prall's many other actions.  For instance, Prall contends that the District Judges vilified his character and reputation, acted as prosecutors assuming his guilt, and failed to demonstrate integrity and impartiality.  Prall also appears to suggest that his earlier applications for relief were not sophisticated.  He continues to argue that his escape (which led to his contested extradition) were based on the teachings of

Thomas Jefferson.  (See Petitioner's Motion, docket entry no. 4.) Prall provides no basis for these argumentative and conclusory statements.

## II.  ANALYSIS

This Court will construe Prall's motion for vacatur as a motion for reconsideration of the Court's Opinion and Order dismissing the petition.  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  Bowers v. Nat'l Collegiate Athletics Ass'n, 130 F.Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L.Civ.R. 7.1(i); see NL Indus. v. Commercial Union Ins., 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a

factual or legal issue that may alter the disposition of the matter. See L.Civ.R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F.Supp.2d at 612.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the Court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F.Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the Court. Bowers, 130 F.Supp.2d at 613; Resorts Int'l v. Greate Bay Hotel & Casino, 830 F.Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. N.J. Air Nat'l Guard, 684 F.Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, the Court should reject new evidence that was not presented when the Court made the contested decision. See Resorts Int'l, 830 F.Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., No. 89-1298, 1989 WL 205724, at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments that the Court has already considered. See G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the Court's decision should be dealt with through

the normal appellate process.  <u>Bowers</u>, 130 F.Supp.2d at 612; <u>Florham Park Chevron v. Chevron U.S.A.</u>, 680 F.Supp. 159, 162 (D.N.J. 1988); <u>see</u> <u>Chicosky v. Presbyterian Med. Ctr.</u>, 979 F.Supp. 316, 318 (D.N.J. 1997); <u>NL Indus.</u>, 935 F.Supp. at 516 ("Reconsideration motions ...  may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." <u>Tishcio v. Bontex, Inc.</u>, 16 F.Supp.2d 511, 533 (D.N.J. 1998).

Prall fails to provide any evidence to show that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration.  He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.  Rather, Prall asserts obfuscatory and unsupported allegations regarding the character and judicial conduct of the District Judges who had dismissed Prall's various other petitions, which are wholly unrelated and unresponsive to the Court's ruling on the law in this matter.  Consequently, Prall fails to satisfy the threshold for granting a motion for reconsideration.  Prall's only recourse, if he disagrees with

this Court's decision, should be via the appellate process.  He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated.

### III. CONCLUSION

Therefore, for the reasons expressed above, Prall's motion for vacatur and other relief (docket entry no. 4) will be denied for lack of merit.  An appropriate Order follows.

                                                           s/ Mary L. Cooper
                                                         **MARY L. COOPER**
                                                         United States District Judge

Dated:  September 12, 2011